# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR93-2012-MJM |
| vs. | |
| CLINTON TEAGUE, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's "Motion for Resentencing and or to Amend Sentence" (Docket No. 130). The defendant filed such motion on January 24, 2005. The government did not resist the defendant's motion.

The instant motion is identical to the motion the defendant filed on November 19, 2004. On November 23, 2004, the court denied that motion. Before denying it, the court stated:

> The defendant has filed a motion for resentencing in light of the United States Supreme Court decision in *Blakely v. Washington* (doc. no. 128). Until such time as the United States Supreme Court declares the Federal Sentencing Guidelines unconstitutional, the court must deny the relief sought by Mr. Teague. If, and when, the guidelines are declared unconstitutional and any such ruling is made retroactive, the court will consider a renewed motion by Mr. Teague. However, based on the current state of the law, the motion must be denied.

Since the court entered its November 23, 2004 order, the Supreme Court decided *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), which addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v.*

*Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, to the Federal Sentencing Guidelines). Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, 413 F.3d 781, ___ (8th Cir. 2005). It is clear from those cases that the defendant is unable to rely on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), or related cases to support a request to be resentenced or to have his sentence amended. Accordingly, the defendant's "Motion for Resentencing and or to Amend Sentence" (Docket No. 130) is denied.

**IT IS SO ORDERED.**
**DATED** this ___ day of ___, 2005.

_____
Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

2